**M. H. Fitzsimmons, Appellee, v. William Cowan et al. Fred Siebel, Appellant.**

**Gen No. 5,878.   (Not to be reported in full.)**

Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

## Statement of the Case.

Bill by M. H. Fitzsimmons against William Cowan and Maggie Cowan, his wife, the McHenry County State Bank and Fred Siebel to forclose a trust deed securing a promissory note for $2,500. The note and mortgage were executed by the Cowans to J. D. Donovan upon a lot in the city of Woodstock, and the note became the property of the complainant. Subsequent to the execution of the trust deed, William Cowan executed two promissory notes for $1,000 each to the Bank and gave the Bank a second trust deed on the same real estate to secure the same. This trust deed was not executed by Cowan's wife. After the second trust deed was recorded, Fred Siebel obtained a judgment against the Cowans and had an execution within one year. The Bank was not served and Donovan was not made a party to the bill. A decree was entered finding the amount due to complainant and directed a sale of the premises and the payment of said sum to complainant from the proceeds of the sale. The decree further directed that the master, out of the interest of William Cowan in the remainder of said proceeds, pay the Bank the sum found due it "if he can determine his interest" and bring the balance into court. The master made his report of sale and of payment to complainant in full and that he had in his hands $1,107.96, the balance of the proceeds of said sale, awaiting further order for distribution, as he was unable to ascertain William Cowan's interest

in the real estate. Thereafter the court entered an order that the balance of the proceeds be paid by the master to the Bank "and that it be accepted by the Bank subject to the inchoate right of dower which the defendant Maggie Cowan, may or might have in and to said sum." From the last order, Fred Siebel appeals.

M. A. CARMACK and A. F. W. SIEBEL, for appellant Fred Siebel.

V. S. LUMLEY, CHARLES T. ALLEN and R. D. DONOVAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 654*—*when validity of original decree cannot be questioned on appeal from subsequent order.* On appeal from a decree disposing of the proceeds of a foreclosure sale, the original decree cannot be attacked as erroneous because the trustee who held title to the land was not made a party.

2. MORTGAGES, § 647*—*when mortgagor's interest in the land should be determined before order for distribution of surplus.* In a foreclosure proceeding where there was a residue of the proceeds of the sale after payment of sum decreed to the complainant and there were other parties to the suit who claimed such residue, *held* that the residue could not be ordered paid to anyone of such claimants without first determining by a supplemental decree the interest the mortgagors had in the land, where such determination was necessary to make proper distribution and there was no averment or proof of their interest in the foreclosure proceedings.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.